IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-28-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JULIAN AVILEZ, ) | |
| ) | |
| Defendant. ) | |

On July 22, 2008, pursuant to a written plea agreement, Julian Avilez ("Avilez") pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine (count one) and laundering monetary instruments (count two). See [D.E. 43, 47]. On March 27, 2009, the court held Avilez's sentencing hearing. See [D.E. 68, 104]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sentencing Tr. [D.E. 104] 6–9; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Avilez's total offense level to be 37, his criminal history category to be I, and his advisory guideline range to be 210 to 262 months' imprisonment on count one and 210 to 240 months' imprisonment on count two. See Sentencing Tr. at 9. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Avilez to 144 months' imprisonment on both counts to run concurrently. See id. at 9–18, 27–34. Avilez did not appeal.

On February 10, 2015, Avilez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 116]. On March 18, 2015, the government responded in opposition [D.E. 118]. On March 30, 2015, Avilez replied

[D.E. 120]. On July 25, 2016, and on December 12, 2016, Avilez moved pro se for a sentence reduction. See [D.E. 122, 123]. Avilez's new advisory guideline range is 168 to 210 months' imprisonment, based on a total offense level of 35 and a criminal history category of I. See Resentencing Report. Avilez requests a 120-month sentence. See id.

The court has discretion to reduce Avilez's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Avilez's sentence, the court finds that Avilez engaged in serious criminal behavior. See PSR ¶¶ 5–10. The conspiracy took place for approximately two years and involved over 254 kilograms of cocaine, 255 grams of cocaine base (crack), 450 grams of marijuana, and 40 grams of methamphetamine. See id. Avilez's offense conduct also involved possessing a firearm. See id. ¶ 31. Finally, Avilez has taken some positive steps while incarcerated on his federal sentence, but has been sanctioned for possessing a cell phone and being absent from assignment. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Avilez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Avilez's sentence would threaten public safety in light of his serious criminal conduct and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus,

2

the court denies Avilez's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Avilez's motions for reduction of sentence [D.E. 116, 122, 123].

SO ORDERED. This 13 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge